**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STATE OF ILLINOIS, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:25-cv-12174 |
| | The Hon. April Perry |
| PRESIDENT DONALD J. TRUMP, *et al.*, | |
| Defendants. | |

**UNOPPOSED MOTION BY THE STATE OF IOWA, MONTANA, OKLAHOMA, SOUTH CAROLINA, AND 14 OTHER STATES FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF DEFENDANTS**

The States of Iowa, Montana, Oklahoma, South Carolina and 14 additional States respectfully move for leave to submit the attached *amicus curiae* brief in support of Defendants and their opposition to Plaintiffs' requested temporary restraining order and preliminary injunction. Proposed *amici* are States with a vested interest in federalism, the relationship between States and the federal government, and deploying the National Guard. We also each have a vital interest in supporting the President and Congress in enacting and enforcing valid immigration laws. Every State has a responsibility to protect our citizens.

The federalization of States' National Guard units is a matter of profound public importance, as it directly implicates the delicate balance of power between state and federal governments—a true cornerstone of Federalism. States generally maintain authority over their National Guard units, allowing governors to deploy them for state-specific needs, such as disaster response or public safety. Federalization of state National Guard units without gubernatorial

consent may be justified in exceptional circumstances where urgent national interests or constitutional obligations outweigh state authority. The President should have this authority in emergency cases such as insurrections, invasions, or other crises that threaten national security or public safety on a scale beyond state capacity. Also, federalization may be warranted when State actions (or inaction) conflict with federal law or constitutional protections.

Federal district courts possess the inherent authority to accept amicus briefs, although there is no governing standard for filing such a brief in district court. *In re Terrorist Attacks on Sept. 11, 2001*, 2022 WL 2829691, at *1 (S.D.N.Y. Apr. 27, 2022); *see United States v. Bd. of Educ. Of City of Chicago*, 1993 WL 408356, at *3–4 (N.D. Ill. Oct. 12, 1993) (granting requests to file "amicus curiae memorandum" for, among other reasons, organizations "that will be significantly affected by the resolution of this matter" or that have "interest in these proceedings [that] is substantial"). The role of an *amicus curiae* is to present "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *In re Terrorist Attacks on Sept. 11*, 2022 WL 2829691, at *1 (quoting *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2021 WL 4555352, at *5 (S.D.N.Y. Oct. 4, 2021).

Indeed, federal district courts "frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F.Supp.2d 1061, 1067 (N.D. Cal. 2005); *see also In re Terrorist Attacks*, 2022 WL 2829691, at *1 (welcoming *amicus* support that "provides a valuable perspective that the Court would not otherwise have"); *Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, and Unincorporated Associations Identified on Sched. A Hereto*, 2024 WL 5438707, at *2 (N.D. Ill. Feb. 13, 2024) (welcoming *amicus* brief from nonparty "to serve the court" in response to requested temporary restraining

order).

No Federal Rule or statute dictates how district judges decide petitions to appear as *amicus curiae*. But most courts "look to the Federal Rules of Appellate Procedure for guidance on permitting amicus briefs." *Friends of Animals v. United States Fish & Wildlife Serv.*, 2021 WL 4440347, at *1 (D. Utah 2021); *see Adams v. City of Chicago*, 1995 WL 491496, at *1 (N.D. Ill. Aug. 11, 1995). The Federal Rules of Appellate Procedure allow a State to file an amicus brief "without the consent of the parties or leave of court." Fed. R. App. P. 29(a)(2). That rule reveals a strong policy preference for allowing States to provide their perspective and represent their interests.

Plaintiffs consent to this motion. Defendants consent to this motion.

Because of the States's important role in our Constitutional order in our federalist system, the States have a unique perspective "that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997). This Court would benefit from following the guidance of the Federal Rules of Appellate Procedure and granting the motion.

## **CONCLUSION**

For the above reasons, the State of Iowa Montana, Oklahoma, South Carolina and 14 other States request the Court's leave to file an *amicus curiae* brief supporting Defendants.

## **NOTICE OF PRESENTMENT**

Counsel for *Amici* States request this Court to waive its notice of presentment requirement given the unusually fast-pace of the case.

Dated: October 8, 2025                                   Respectfully submitted,

Brenna Bird
   *Attorney General*

Eric Wessan
   *Solicitor General*

Office of the Attorney General
1305 E. Walnut St.
Des Moines, Iowa 50319
(515) 823-9117 – Telephone

eric.wessan@ag.iowa.gov

*Counsel for the State of Iowa*

## CERTIFICATE OF SERVICE

     I certify that on October 8, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically sends email notification of such filing to registered participants.

                                     */s/ Eric H. Wessan*
                                     ERIC H. WESSAN