UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STATE OF ILLINOIS, a sovereign state; and the CITY OF CHICAGO, an Illinois municipal corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; DEPARTMENT OF DEFENSE; PETER B. HEGSETH, in his official capacity as Secretary of the Department of Defense; UNITED STATES ARMY; DANIEL P. DRISCOLL, in his official capacity as Secretary of the Army,<br><br>Defendants. | Case No. 25 Cv 12174<br><br>Judge Perry |

**JOINT STATUS REPORT**

Pursuant to this Court's order of October 17, 2025, the parties met and conferred "regarding proposed next steps for this litigation, including: (1) expedited discovery that may be appropriate to further develop the factual record; (2) additional briefing that the parties may want to present; and (3) whether there is any value to an early settlement conference." *See* ECF No. 85. The Court further asked whether the parties "would entertain an agreed extension of the TRO beyond 14 additional days." Neither party is requesting a settlement conference at this time. On the other issues, the parties provide their respective positions below.

PLAINTIFFS' STATEMENT

As this is the first status report in this case, plaintiffs provide the following information and proposed case plan, relying upon the Court's model form, but with the case plan format modified to the topics raised in the Court's October 17 minute entry.

1. **The Nature of the Case:**

    a. <u>Attorneys of record for each party</u>

    Plaintiff State of Illinois is represented by Kwame Raoul, Attorney General, through the below attorneys:

Cara Hendrickson (Lead Trial Counsel)
Christopher Wells (Lead Trial Counsel)
Sarah J. North (Lead Trial Counsel)
Sarah Hunger
Katharine Roller
Gretchen Helfrich
Katherine Pannella
Sherief Gaber
Michael Tresnowski

Office of the Illinois Attorney General
115 South LaSalle Street
31st Floor
Chicago, Illinois 60603
(312) 814-3000
Cara.Hendrickson@ilag.gov
Christopher.Wells@ilag.gov
Sarah.North@ilag.gov
Sarah.Hunger@ilag.gov
Katharine.Roller@ilag.gov
Gretchen.Helfrich@ilag.gov
Katherine.Pannella@ilag.gov
Sherief.Gaber@ilag.gov
Michael.Tresnowski@ilag.gov

Plaintiff City of Chicago is represented by Mary B. Richardson-Lowry, Corporation Counsel, through the below attorneys:

Stephen J. Kane
Chelsey B. Metcalf

City of Chicago Department of Law

121 North LaSalle Street, Room 600
Chicago, Illinois 60602
312-744-6934
stephen.kane@cityofchicago.org
chelsey.metcalf@cityofchicago.org

    Defendants are represented by:

Brett A. Shumate
Assistant Attorney General
Civil Division
Eric J. Hamilton
Deputy Assistant Attorney General
Federal Programs Branch
Alexander K. Haas
Director
Federal Programs Branch
Jean Lin
Special Litigation Counsel
Michael J. Gerardi
Senior Trial Counsel
Christopher D. Edelman
Senior Counsel
Benjamin S. Kurland
Kathleen C. Jacobs
Jody Lowenstein
J. Stephen Tagert
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel.: (202) 616-0680
eric.hamilton@usdoj.gov
Jean.lin@usdoj.gov
michael.j.gerardi@usdoj.gov
Christopher.edelman@usdoj.gov
Kathleen.jacobs@usdoj.gov
jody.d.lowenstein@usdoj.gov
stephen.tagert@usdoj.gov

    b. <u>Nature of the claims and any counterclaims or third-party claims</u>

    This action asserts claims by the State of Illinois and the City of Chicago against President Donald Trump in his official capacity, and the federal agencies U.S. Department of Homeland Security, U.S. Department of Defense, and the U.S. Army, along with the Secretaries of those agencies in their official capacities. The claims asserted are:

    a.    *Ultra vires* action in violation of 10 U.S.C. § 12406, against all defendants;

    b.    *Ultra vires* action in violation of the Posse Comitatus Act and 10 U.S.C § 275, against all defendants;

    c.    Violation of the Tenth Amendment to the United States Constitution, against all defendants;

    d.    Violation of Equal Sovereignty under the United States Constitution, against all defendants;

    e.    Arbitrary and capricious agency action, in violation of the Administrative Procedure Act, § 706(2)(A), against the agency defendants;

    f.    Agency action in excess of statutory and regulatory authority, not in accordance with law and Contrary to law, in violation of the Administrative Procedure Act, § 706(2)(A)–(C), against the agency defendants;

    g.    Violation of the Separation of Powers under the United States Constitution; against all defendants;

    h.    Violation of the Militia Clause of the United States Constitution, against all defendants; and

    i.    Violation of the Take Care Clause of the United States Constitution, against all defendants.

  c.  <u>Major legal and factual issues in the case</u>

Plaintiffs seek to have the Court determine the following major legal and factual issues:

- Whether the President's orders to federalize and deploy National Guard troops from Illinois and other states into Illinois, over the objection of the Governor, violate 10 U.S.C. § 12406, including determining the appropriate interpretation of the statutory terms;
- Whether the orders entered and actions taken here by Defendants violate the Posse Comitatus Act, or 10 U.S.C § 275;
- Whether the Defendants' deployment of federalized National Guard troops into Illinois, without the consent of the State of Illinois, violates the Tenth Amendment, including because the actions infringe on the police power reserved to Illinois, usurps the Governor of Illinois's role as Commander-in-Chief of the National Guard in Illinois, and/or is an unlawful effort to coerce Illinois to adopt President Trump's policy priorities;
- Whether the federalization and deployment of National Guard troops to Illinois violates the equal sovereignty guaranteed to Illinois under the Constitution;
- Whether, with respect to the agency defendants' orders entered and actions taken in furtherance of those orders, they have violated the Administrative Procedure Act;

4

- Whether Defendants' federalization and deployment of National Guard troops to Illinois violates the Separation of Powers doctrine by asserting authority over Illinois's state Militia that the Constitution and federal law expressly assign to Illinois.
- Whether the federalization and deployment of National Guard troops to Illinois violates the Separation of Powers doctrine by disregarding the limits in the Posse Comitatus Act and 10 U.S.C. § 275 barring the participation of federal military forces in law enforcement.
- Whether the federalization and deployment of Illinois National Guard troops without the consent of the Governor of Illinois violates the Separation of Powers doctrine by asserting authority over Illinois's state Militia that the Constitution and federal law expressly assign to Illinois;
- Whether defendants have violated the Take Care Clause doctrine by asserting authority over Illinois's state Militia that the Constitution and federal law expressly assigns to Illinois; and
- Whether defendants have violated the Take Care Clause doctrine by and disregarding the limits in the Posse Comitatus Act and 10 U.S.C. § 275 barring the participation of federal military forces in law enforcement.

    d. <u>Relief sought by any of the parties</u>

Plaintiffs seek the following relief:

    a. A declaration that Defendants' federalization and deployment of the National Guard of the United States, any state National Guard, or deployment of the U.S. military in Illinois, including under 10 U.S.C. § 12406, is unconstitutional and/or unlawful because it: (a) is *ultra vires*; (b) violates the APA; and (c) is contrary to the Constitution of the United States;

    b. A judgment that Defendants' federalization and deployment of the National Guard of the United States, any state National Guard, or deployment of the U.S. military, pursuant to the Federalization Order, the Texas Mobilization Order, and any similar order effectuating the mobilization of the National Guard of the United States, any state National Guard, or deployment of the U.S. military in Illinois over the objection of the Governor of Illinois is unlawful, and an order enjoining such federalization or deployment;

    c. A preliminary and permanent injunction against defendant Hegseth and the Department of Defense prohibiting them from federalizing or otherwise deploying forces in implementation of the Federalization Order, the Texas Mobilization Order, and any similar order effectuating the mobilization of the

        National Guard of the United States, any state National Guard, or deployment of the U.S. military in Illinois over the objection of the Governor of Illinois;

    d.    An order under 5 U.S.C. § 706 and 28 U.S.C. § 2202 vacating and setting aside the Federalization Order, the Texas Mobilization Order, and any similar order effectuating the mobilization of the National Guard of the United States, any state National Guard, or deployment of the U.S. military in Illinois over the objection of the Governor of Illinois;

    e.    An award of Plaintiffs costs and reasonable attorneys' fees; and

    f.    An award of such additional relief as the interests of justice may require.

**2. Jurisdiction:**

There is original federal jurisdiction as this is a case against the United States. 28 U.S.C. § 1346. There is also federal question jurisdiction as the claims assert violations of federal statutes and the U.S. Constitution. 28 U.S.C. § 1331.

**3. Status of Service:**

Defendants have been served.

**4. Consent to Proceed Before a United States Magistrate Judge:**

The parties do not unanimously consent to proceed before a United States Magistrate Judge.

**5. Motions:**

    a.    Plaintiffs moved for a temporary restraining order on October 6, and the court granted that motion on October 9, 2025.

    b.    Plaintiffs' motion for a preliminary injunction is pending.

**6. Case Plan:**

The parties met and conferred by telephone on October 20, 2025. At that meeting, with respect to the Court's inquiry as to whether parties would agree to an extension of the TRO beyond an additional 14 days, Defendants proposed extending the temporary restraining order for an additional 30 days, which would extend it until 11:59 pm on November 24, 2025 (through

application of Fed. R. Civ. P. 6(a)(1)(C)). Their proposal was conditioned on the extension being without prejudice to defendants' efforts to pursue appellate relief. They describe this position in more detail below.

Following from that meeting, plaintiffs propose the following next steps in this action:

a. <u>Expedited Discovery</u>

Plaintiffs propose the following schedule for expedited discovery:

- Defendants are ordered to produce the administrative record with respect to the agency actions at issue in this matter by October 27, 2025; and

- The parties may serve written discovery by October 24, 2025, with responses due by November 3, 3025.

b. <u>Additional Briefing</u>

At the meet and confer, the parties agreed that additional briefing will be necessary, but do not agree on what the procedural posture of that briefing should be (motion to dismiss, preliminary injunction, summary judgment, or trial briefing). Should the Supreme Court stay the TRO at any time prior to the next status set by the Court, the parties agree to submit a joint status report to the Court, including a proposal for next steps, within 24 hours of notification of that ruling.

c. <u>Response to Defendants' Statement</u>

While the Plaintiffs do not agree with Defendants' proposal to take no action in this case pending the ruling on the stay motion before the Supreme Court, should this Court agree with defendants' proposal, Plaintiffs ask that the Court order the parties to confer on a discovery schedule following a ruling by the Supreme Court, either within 24 hours if the ruling stays the TRO, or within 3 business days of the ruling otherwise.

The Plaintiffs provided a draft of this report to defendants' counsel the evening of October 20, following the meet and confer, in order to allow the defendants the opportunity to edit the document. Defendants provided edits and comments where they wished, and those are incorporated into this final document.

**7. Status of Settlement Discussions:**

No settlement discussions have occurred, except for confirmation that the parties do not request a settlement conference.

DEFENDANTS' STATEMENT

Defendants consent to a 30-day extension of the Court's temporary restraining order ("TRO"), *see* ECF No. 67, so long as the extension is "without prejudice to continuing to pursue appellate relief," *see* ECF No. 85, and subject to any relief granted on appeal, *see, e.g.*, *Illinois v. Trump*, No. 25-2798 (7th Cir. Oct. 16, 2025), ECF No. 26 (staying the TRO in part pending appeal). Defendants consent to this extension to facilitate the Supreme Court's review of defendants' stay application and to permit orderly proceedings in the district court after the Supreme Court rules.

As for next steps, defendants respectfully suggest that the Court wait for the Supreme Court to resolve defendants' pending motion to stay this Court's TRO, *see Trump v. Illinois*, No. 25A443 (U.S. Oct. 17, 2025), which will be fully briefed later today, before determining a course for further proceedings. The Supreme Court's resolution of that motion will likely help shape further proceedings in this case, including the appropriate scope of discovery for resolving plaintiffs' claims. As in this Court, defendants have argued in the Supreme Court that the President's decision to federalize Guardsmen is unreviewable, which would remove the need for any discovery. The parties disagree on multiple additional questions of law in the case; deferring further proceedings until after the Supreme Court rules on the emergency application will ensure that this Court's and the parties' resources are not wasted. In addition, given defendants' consent to a 30-day extension of the temporary restraining order, plaintiffs lack a need for immediate discovery. Defendants therefore propose that the parties meet and confer after the Supreme Court rules on defendants' stay motion—which can be expected very soon given the highly compressed briefing schedule set by the Supreme Court—and then file a proposed schedule for further proceedings.

If the Court is not inclined to wait for the Supreme Court's resolution of defendants' stay motion, it should nonetheless deny plaintiffs' proposal for expedited discovery. As an initial matter, plaintiffs' request to have defendants compile an administrative record is improper because

8

Plaintiffs have challenged the President's decision under Section 12406 and the President is not subject to the Administrative Procedure Act ("APA"). *Franklin v. Massachusetts*, 505 U.S. 788, 801 (1992). Simiarly, plaintiffs' other claims do not involve any final agency action such that APA review is appropriate or that an administrative record could be compiled.

The extremely compressed schedule proposed by plaintiffs for written discovery—with responses due on November 3, 2025—is similarly unwarranted and overly burdensome, even if defendants were not already engaged in expedited discovery in preparation for an expedited trial scheduled for October 29–31 in a parallel case in Oregon, *see Oregon v. Trump*, No. 3:25-cv-1756 (D. Or.). With additional constraints imposed on defendants and their attorneys' resources during the federal government's lapse in appropriations, it would be virtually impossible for defendants to meet the discovery deadlines that plaintiffs propose. And plaintiffs cannot justify their proposed November 3 end date for discovery when defendants have consented to an extension of the Court's TRO that will stretch an additional *three weeks* beyond that date.

As for additional briefing, if the Court declines to await the Supreme Court's guidance, Defendants do not believe additional briefing on a preliminary injunction is warranted. Both parties have submitted substantial briefing with extensive supporting materials during the TRO briefing, which resulted in an appealable injunction, as the Seventh Circuit recognized. Plaintiffs also called their motion both a TRO and preliminary injunction motion. There is no basis to engage in preliminary injunction briefing yet again. Thus, any further briefing should follow the Supreme Court's ruling on the pending stay application.

Finally, while plaintiffs have utilized the Court's model form for a "Joint Initial Status Report" that follows a Federal Rule of Civil Procedure 26(f) conference, defendants do not understand this joint status report to serve such a purpose. The Court has not required that they

9

provide a report pursuant to Rule 26(f). During their meet and confer with plaintiffs on October 20, 2025, the parties did not discuss topics beyond the four identified by the Court's Order of October 17, and they did not discuss Rule 26(f) or hold a Rule 26(f) conference.

* * *

Dated: October 21, 2025

| | |
|---|---|
| KWAME RAOUL<br>Attorney General of Illinois<br><br>by:<br><br>/s/ Gretchen Helfrich<br>CARA HENDRICKSON<br>Executive Deputy Attorney General<br>CHRISTOPHER WELLS<br>Division Chief, Public Interest Division<br>SARAH J. NORTH<br>Deputy Division Chief, Public Interest Division<br>KATHARINE ROLLER<br>Complex Litigation Counsel<br>GRETCHEN HELFRICH<br>Deputy Chief, Special Litigation Burean<br>KATHERINE PANNELLA<br>Senior Assistant Attorney General<br>SHERIEF GABER<br>MICHAEL TRESNOWSKI<br>Assistant Attorneys General<br>Office of the Illinois Attorney General<br>115 South LaSalle Street<br>31st Floor<br>Chicago, Illinois 60603<br>(312) 814-3000<br>Cara.Hendrickson@ilag.gov<br>Christopher.Wells@ilag.gov<br>Sarah.North@ilag.gov<br>Katharine.Roller@ilag.gov<br>Gretchen.Helfrich@ilag.gov<br>Katherine.Pannella@ilag.gov<br>Sherief.Gaber@ilag.gov<br>Michael.Tresnowski@ilag.gov<br><br>*Counsel for the State of Illinois* | BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division<br><br>ERIC J. HAMILTON<br>Deputy Assistant Attorney General<br>Federal Programs Branch<br><br>JEAN LIN<br>Special Litigation Counsel<br><br>*/s/ Jody D. Lowenstein*<br>CHRISTOPHER D. EDELMAN<br>(DC Bar No. 1033486)<br>Senior Counsel<br>BENJAMIN S. KURLAND<br>(DC Bar No. 1617521)<br>JODY D. LOWENSTEIN<br>(MT Bar No. 55816869)<br>KATHLEEN C. JACOBS<br>(TX Bar No. 24091154)<br>J.STEPHEN TAGERT<br>(VA Bar No. 99641)<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W.<br>Washington, DC 20005<br>Tel.: (202) 598-9280<br>Email: jody.d.lowenstein@usdoj.gov<br><br>*Attorneys for Defendants* |

**MARY B. RICHARDSON-LOWRY**

Corporation Counsel of the City of Chicago

11

By: /s/ Stephen J. Kane
STEPHEN J. KANE
CHELSEY B. METCALF
City of Chicago Department of Law
121 North LaSalle Street, Room 600
Chicago, Illinois 60602
312-744-6934
stephen.kane@cityofchicago.org
chelsey.metcalf@cityofchicago.org
Counsel for the City of Chicago