UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STATE OF ILLINOIS, a sovereign state; and the CITY OF CHICAGO, an Illinois municipal corporation, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States; DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; DEPARTMENT OF DEFENSE; PETER B. HEGSETH, in his official capacity as Secretary of the Department of Defense; UNITED STATES ARMY; DANIEL P. DRISCOLL, in his official capacity as Secretary of the Army, <br><br> Defendants. | Case No. 25 Cv 12174 <br><br> Judge April M. Perry <br><br> Magistrate Judge Jeffrey T. Gilbert |

**JOINT STATUS REPORT**

Pursuant to this Court's minute entry of January 14, 2026 (ECF 120), the parties submit this Joint Status Report to report on whether the settlement negotiations have been productive and whether they request that the case be stayed for an additional period of time, as follows:

1. The parties have been engaged in discussions regarding resolving this case but are not in accord on certain material elements and terms. As a result, the parties have not been able to resolve the litigation and do not anticipate being able to do so at this time. The parties now diverge on their views as to the most appropriate and efficient path to resolution of this matter.

2. **Plaintiffs' Position**: The State of Illinois and the City of Chicago, based on the operative documents and the December 23, 2025 decision of the Supreme Court in this matter,

consider defendants' liability on Count I, the *ultra vires* claim for a violation of 10 U.S.C. § 12406, clear as a matter of law. As favorable resolution of that claim will afford the plaintiffs the declaratory and injunctive relief they seek in this action, plaintiffs intend to move for partial summary judgment as to liability on Count I. While defendants have stated the view that their planned motion to dismiss (discussed below) should be resolved prior to the summary judgment motion, a motion for summary judgment may be brought at this time. Fed. R. Civ. P. 56(b).

Plaintiffs propose the following schedule for their partial summary judgment briefing: summary judgment motion and supporting papers due February 27; opposition papers due March 27; and reply papers due April 10, 2026. Plaintiffs recognize that defendants plan to seek dismissal on mootness grounds by February 6. However, defendants' proposed deadline for plaintiffs' response to their motion, February 20, is short, including a holiday weekend, and would set a deadline for our brief one week before our proposed summary judgment motion deadline. As such, plaintiffs ask instead that their response to defendants' motion should be set not sooner than March 10, 2026, two weeks after our summary judgment motion deadline.

Plaintiffs do not oppose a continuing stay of discovery and case deadlines other than the briefing discussed herein, during the pendency of the parties' motions. Plaintiffs do not seek a referral to the magistrate judge for settlement purposes at this time.

3.  **Defendants' Position:** Defendants request that this case, including discovery, continue to be stayed except for possible briefing on dispositive motions. While Defendants continue to believe that the most efficient approach—one that would conserve party and judicial resources—is for the parties to settle this case without further litigation, Defendants understand that the parties are presently at an impasse in their discussions. Thus, unless Plaintiffs are willing to continue settlement discussions, the parties will need to proceed to dispositive motion briefing.

Nevertheless, and contrary to Plaintiffs' proposal, Defendants do not believe that summary judgment briefing on 10 U.S.C. § 12406(3) is the appropriate next step for two reasons. First, Defendants believe that this case is moot. It is undisputed that all Illinois National Guardsmen have been de-federalized and that there are no other Guardsmen from any other State deployed in Illinois. Thus, briefing on the mootness issue should occur first to ensure that the Court has subject matter jurisdiction to proceed. Accordingly, Defendants propose filing their opening brief on this issue by February 6, 2026, with Plaintiffs' opposition due on February 20 and Defendants' reply due on February 27. If the Court determines that it has jurisdiction to proceed, the parties can propose any further proceedings at that time.

Second, contrary to Plaintiffs' belief that the Supreme Court's stay order decided Count I of Plaintiffs' complaint as a matter of law and thus Defendants' purported liability under Count I, the Supreme Court's stay order did not address Defendants' alternative argument that the relevant facts constituted a "rebellion" under 10 U.S.C. § 12406(2). Any injunctive or declaratory relief would not be proper without first resolving Defendants' alternative argument, which is not a pure question of law.

If the Court determines that a status conference is warranted this Friday (January 30, 2026), as previously contemplated, Defendants respectfully request the option of appearing by phone.

Dated: January 28, 2026                                        Respectfully submitted,

<div style="columns:2">

KWAME RAOUL
Attorney General of Illinois

by:

/s/ Sarah J. North
CARA HENDRICKSON
Executive Deputy Attorney General
CHRISTOPHER WELLS
Division Chief, Public Interest Division
SARAH J. NORTH
Deputy Division Chief, Public Interest Division
KATHARINE ROLLER
Complex Litigation Counsel
GRETCHEN HELFRICH
Deputy Chief, Special Litigation Burean
KATHERINE PANNELLA
Senior Assistant Attorney General
SHERIEF GABER
MICHAEL TRESNOWSKI
Assistant Attorneys General
Office of the Illinois Attorney General
115 South LaSalle Street
31st Floor
Chicago, Illinois 60603
(312) 814-3000
Cara.Hendrickson@ilag.gov
Christopher.Wells@ilag.gov
Sarah.North@ilag.gov
Katharine.Roller@ilag.gov
Gretchen.Helfrich@ilag.gov
Katherine.Pannella@ilag.gov
Sherief.Gaber@ilag.gov
Michael.Tresnowski@ilag.gov

*Counsel for the State of Illinois*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Federal Programs Branch

JEAN LIN
Special Litigation Counsel

JOHN BAILEY
Counsel to the Assistant Attorney General

/s/ J. Stephen Tagert
MICHAEL J. GERARDI
Senior Trial Counsel
CHRISTOPHER D. EDELMAN
Senior Counsel
KATHLEEN C. JACOBS
J. STEPHEN TAGERT
KIAN K. AZIMPOOR
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel.: (202) 305-5486
Email: stephen.tagert@usdoj.gov

*Attorneys for Defendants*

</div>

MARY B. RICHARDSON-LOWRY
Corporation Counsel of the City of Chicago

by:
/s/ Stephen J. Kane
STEPHEN J. KANE
CHELSEY B. METCALF
City of Chicago Department of Law
121 North LaSalle Street, Room 600
Chicago, Illinois 60602
312-744-6934
stephen.kane@cityofchicago.org
chelsey.metcalf@cityofchicago.org

*Counsel for the City of Chicago*